IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Brian Sears<br>721 Chester Ave<br>Annapolis, MD 21403<br><br>Plaintiff<br><br>v.<br><br>SAILING VESSEL "SMITHEREENS"<br>Official Number 1115912, HIN# HUN45248E001, located at 721 Chester Ave, Annapolis, MD 21403<br><br>*And her engines,<br>tackle, equipment, furniture, and all other necessaries thereunto appertaining and belonging, <u>in rem;</u>*<br><br>Defendant | Civil Action No. 13-3389 |

## VERIFIED COMPLAINT IN REM
## TO FORECLOSE A MARITIME LIEN

Plaintiff Brian Sears, by and through his attorney Todd D. Lochner, and Lochner Law Firm, P.C, files this Verified Complaint against the Sailing Vessel "SMITHEREENS", a 2000 44.5' Hunter sailboat, Official Number 1115912, HIN# HUN45248E001 currently laying in her slip at 721 Chester Ave, Annapolis, MD 21403 (hereinafter "Defendant Vessel") <u>in rem</u>:

### Summary of Action

1. This is an action <u>in rem</u> to foreclose a maritime lien upon a sailing vessel for failure to perform on a contract for necessities, specifically by failing to pay slip fees for nearly three

years, resulting in a lien in the amount of approximately $29,469.91.  Plaintiff respectfully prays this Court to enter judgment in rem against the Defendant Vessel and to satisfy this judgment by judicial sale of the vessel.

### Jurisdiction and Venue

2. This suit involves a maritime lien foreclosure action to collect damages for necessaries pursuant to Title 46 U.S.C. § 31301, *et seq.*

3. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Plaintiff invokes Rule 9(h), Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and Local Admiralty Rule C.

4. The Court has subject matter jurisdiction over this maritime lien foreclosure action pursuant to Title 28 U.S.C. § 1333, admiralty and maritime jurisdiction.

5. Plaintiff Sears at all the times hereinafter mentioned was and now is a resident of Maryland.

6. Defendant Vessel is currently located within the Federal Judicial District of Maryland. At 721 Chester Ave, Annapolis, MD 21403

**Background Facts**

7. The Defendant Vessel is, and was at all times pertinent to this claim, owned by Lyn A. Vanhuben and Tom Vanhuben of 67 Edgehill Road, Stow, MA 01776, with Lyn Vanhuben as the owner of record.

8. On or about February 1, 2011, Plaintiff Brian Sears contracted with Tom Vanhuben to store Mr. Vanhuben's vessel at a slip in Mr. Sears' marina, which is located at 721 Chester Ave, Annapolis, MD 21403. *See Exhibit 1, "The Lease"*.

9. The Lease provided that Mr. Sears would rent the slip to accommodate the Defendant Vessel and its tender at a rate of $600 per month, with a late fee of $25 per payment and a 1% interest charge on balance due. . *Id.,* ¶ 3. Additionally, the Lease provided that the Lessee agreed to pay attorneys' fees necessary to enforce the terms of the Lease. *Id.*, ¶ 5.

10. Since on or about February 1, 2011, the Vanhubens have stored the Defendant Vessel in Mr. Sears' slip.

11. Unfortunately, in or around March of 2011, Mr. Vanhuben died. Mr. Sears has contacted Ms. Vanhuben many times over the past 33 months to attempt to settle the debt due for dockage. Ms. Vanhuben has been unable to do so, and shows no interest in the disposition of the vessel. Ms. Vanhuben is currently not responding to Mr. Sears' phone calls or registered mail.

12. Since March of 2011 the vessel has been, for all intents and purposes, abandoned at Plaintiff's marina. Consequently Plaintiff brings this action to recover dockage fees due as well as to clear the vessel's title through judicial sale, so that the vessel can be transferred and used rather then laying abandoned at Plaintiff's dock.

13. During the lease period Mr. Sears has fulfilled all obligations of the Lease, and in addition has expended labor and materials for the Defendant Vessel's upkeep. Among other tasks, Mr. Sears installed new batteries on the vessel, pumped the vessel's bilges to keep it from sinking, and other sundry items necessary to preserve the vessel.

### COUNT I
### *Necessaries* Lien Foreclosure Action
### Pursuant to Title 46 U.S.C. § 31301, *et. seq.*

14. Plaintiff realleges the above paragraphs of the Verified Complaint as if fully set forth herein.

15. Plaintiff has provided dockage and necessary upkeep to the Defendant Vessel from February 2011 to the present day.

16. Neither the Vanhubens, nor any other agent or representative of the Defendant Vessel, has paid the monthly slip fees due to Plaintiff under the Lease since February 1, 2011, despite Plaintiff's regular and timely demands for unpaid dockage and other necessaries.

17. Plaintiff is entitled to recover from the in rem Defendant Vessel the total sum of $29,469.91, as itemized in Exhibit 2, plus pre-judgment interest, attorney's fees (as stipulated in the Lease, Exhibit 1 ¶ 5), custodia legis expenses for the Vessel while it is under arrest, and the costs of this proceeding which include, but are not limited to, the U.S. Marshal's fees and Court filing fees.

WHEREFORE, the Plaintiff prays:

a) That a warrant for the arrest of the Defendant Vessel and her respective engines, tackles, equipment, furniture and all other necessaries thereunto appertaining and belonging, and that all persons claiming any interest therein may be cited to appear and answer the matters aforesaid;

b) That Plaintiff be decreed to have a maritime lien <u>in rem</u> upon the Defendant Vessel and her respective engines, tackles, equipment, furniture and all other necessaries thereunto appertaining and belonging, and that such a lien be foreclosed in accordance with the law and thereupon that the vessel be condemned and sold in payment of the amount due and all such other sums that are owed;

c) That upon proper notice and hearing, judgment be entered against the Defendant Vessel, <u>in rem</u>, for the aforementioned damages, plus pre-judgment interest, custodia legis expenses, attorney's fees, U.S. Marshal's fees and expenses and other recoverable litigation costs;

d) That Plaintiff be permitted to credit bid the amount of his judgment or lien against the Defendant Vessel at any U.S. Marshal's sale,

e) That this court may direct the manner in which actual notice of the commencement of this suit shall be given by the Plaintiff to any person, firm or corporation who has recorded a notice of claim of an undischarged lien upon the vessel as provided in Subsection K of Section 30 of the "Ship Mortgage Act, 1920."

f) That such other and further relief be granted as this Court deems just and proper.

Respectfully Submitted this
13th day of November, 2013.

_____
Todd D. Lochner (Bar No. 25691)
Lochner Law Firm, P.C.
182 Duke of Gloucester St.
Annapolis, MD 21401
(443) 716-4400
tlochner@boatinglaw.com

Attorneys for Plaintiff

## VERIFICATION

STATE OF Maryland

City of Annapolis to wit:

    Brian Sears, being duly sworn, deposes and says:

    I have read the foregoing Verified Complaint and know the contents thereof and the same is true to my own knowledge, except as to the matters therein stated upon information and belief and as to those matters I believe them to be true.

_____
Brian Sears